**WEISS et al. v. KING et al.**

No. 4665.

Court of Appeal of Louisiana.   Second Circuit.

Jan. 3, 1934.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

Thornton, Gist & Richey, of Alexandria, for appellees.

MILLS, Judge.

Defendant Herbert M. King, an employee of the city of Alexandria, while on the business of the city, parked his car parallel with the curb, facing west on the south side of Murray street, so near its intersection with Second that there was not sufficient room for another car to park properly between his car and a depressed drain leading into a sewer at the corner. While King was in the adjacent city hall building, B. J. Carbo, desiring to stop for only a few minutes, crowded his car into the space between King's car and the drain so that its front was almost against that of King's car, with its back out from the curb in such a position that the car pointed backwards diagonally across the street intersection.

Though the facts are disputed, we are satisfied that, though Carbo attempted to cut off the ignition and lock the switch, he failed to push in the spring lock far enough to click, and withdrew the key without locking the switch. It is proven that this is a possible result with the type of switch and lock used. We are also satisfied that the Carbo car was left in reverse gear. It was like a gun loaded and cocked, ready to go off. King, coming out from the city hall to respond to a call in line of duty, found his car so jammed in that it was impossible to get out without moving the Carbo car to some degree. He accordingly started his car forward intending to push the blocking car far enough to allow him to get out. As his car came in contact with and moved the Carbo automobile, its motor started and it proceeded slowly across the intersection under its own power, and demolished a plate glass window in a building owned by plaintiff and situated diagonally across from the corner where the cars were parked. Plaintiff brings this suit to recover of King and the city the cost of repairing this damage.

In the lower court, there was judgment rejecting plaintiff's demand, and he has appealed.

Plaintiff argues that Carbo cut off his ignition, locked the switch, and left the gear in neutral, and that the switch was thrown on, the motor started, and the lever shifted from neutral into reverse by the violence of the impact between the two cars, and that this negligent act on the part of King was the proximate cause of the damage. Considering that the cars were practically touching, that King started from a full stop, and only intended to move the blocking car a few feet, we cannot agree with the contention. Though we have no doubt that Carbo believes that he locked the switch and left the gears in neutral, we are convinced by the testimony and the physical facts that he neglected to do so, and that the proximate cause of the accident was his negligence in crowding his car into the insufficient space and leaving it in such a condition that a moderate push would start it in motion under its own power.

This situation is so fully and ably covered by the opinion of our brothers of the Orleans Circuit in the case of Maggiore v. Laundry & Dry Cleaning Service, 150 So. 394, 396, that we content ourselves to conclude this opinion with a quotation from it:

" 'Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause.'

"If the act of Hirstius and Maggiore in pushing the car was such as no reasonably prudent person should have anticipated or expected, then it may well be said that this act would be termed 'independent of' and 'unrelated to' the primary act of defendant's employee, and would, in law, be considered the proximate cause, and the failure to withdraw the key only as the remote cause.

"It is a familiar doctrine that every one is justified in assuming that every one else will obey the laws. Maggiore and Hirstius, therefore, were not negligent in assuming that the truck had been properly safeguarded against a premature start. If it had been

682

so safeguarded, no harm could possibly have resulted from pushing the truck a few feet backward. In the neighborhood in which they were traffic was most congested. We can see no reason why a person who finds his vehicle, which he has left, as it is now termed, 'parked' against the curb, blocked by another near him, may not gently push that other car a foot or so to permit his own car to be extricated. It is well known that in the business section of this city and in other congested centers this is done on hundreds of occasions every day, and, in fact, has become such common practice that it may be said that any one who 'parks' his car in such a district may expect it to be moved to accommodate the requirements of other motorists. ·

"Counsel for defendant argues that in no driver does there exist the right to move another's car and that, where such a move may be necessary, the law should be resorted to and a policeman should be summoned. Of course, if, in moving the car of another, violence is used, liability for resulting damage no doubt ensues, but we are unwilling to declare as unlawful, or as negligence, the practice which has become so common and which is so necessary because the enormous number of cars which must be accommodated makes it imperative that they be parked very close together.

"Maggiore and Hirstius were, therefore, in our opinion, doing what any reasonably prudent person might have done. Therefore they were not at fault. It follows that the proximate cause of the accident was not their act, but was the original negligent act of the driver of the truck in parking a defective truck in a position prohibited by the ordinance and in failing to withdraw the key."

The judgment of the lower court is correct and is affirmed.